**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURJEET KAUR,

  Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

  Respondent.

No. 10-70323

Agency No. A095-574-966

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

Gurjeet Kaur, a native and citizen of India, petitions for review of a decision

by the Board of Immigration Appeals ("BIA") dismissing her appeal from an

immigration judge's order of removal.  We have jurisdiction under 8 U.S.C.

§ 1252, and we deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's determination that Kaur failed to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(A). Kaur was never personally persecuted in India. Her asylum application was based on her late husband's political opinions, for which he was arrested and detained by Indian police twice in the early 1980s. Since her husband's death in 1993, Kaur has remarried twice, and she has returned to India on numerous occasions over the years without incident. Kaur's similarly-situated family members also continued to reside in India and never experienced persecution there. Given the paucity of evidence suggesting that the Indian government ever imputed to Kaur, or would today impute to Kaur, her deceased husband's political views, the BIA did not err in concluding that Kaur's relationship to her ex-husband was insufficient to establish a well-founded fear of persecution if Kaur were returned to India. *See Belayneh v. I.N.S.*, 213 F.3d 488, 491 (9th Cir. 2000) (holding that substantial evidence supported agency's decision to deny an asylum claim based solely on the applicant's estranged spouse's political beliefs).

**PETITION FOR REVIEW DENIED**.